TITUS *vs.* CORTELYOU.

It is the right of a party, when he is required to produce books for inspection, upon a reference, if such books contain accounts and transactions which in no way relate to the subject of examination, to seal up such parts of the books; so that they shall not be exposed to the observation of those who have no right to examine them,

Where books are produced by a party, upon a reference, with portions thereof sealed up, his affidavit stating that those portions do not relate to the matters of the reference is to be taken, in the first instance, as sufficient to protect them from examination. But if the adverse party can show any fair grounds for supposing the parts sealed up to be material, the court may order them to be opened.

But before coming to the court for an order directing the opening of those parts of the books which have been sealed up, the adverse party should first apply to the referee for such an order.

IN EQUITY. The bill in this cause was filed to close up the business of a copartnership. On the 24th of September, 1847, an order was made appointing Philo T. Ruggles, Esquire, a receiver of the partnership effects, and also a referee to take and state the partnership accounts, and requiring the parties at his request and under his direction, to deliver over, among other things, all books relating to the partnership. Among the books delivered by the defendant in pursuance of this order, was a *cash book*, some pages of which were sealed up. At the time of producing the book, the defendant made an affidavit upon a blank leaf thereof, stating that those pages which had been sealed up related exclusively to the defendant's private cash account, and his private business since the dissolution of the partnership, and not to the cash accounts or business of Titus & Cortelyou. The draft of this affidavit was produced before the referee and approved by him, as to its form, in the presence of the plaintiff's counsel, and was then engrossed upon the book and sworn to by the defendant, without objection on the part of the plaintiff. Upon an affidavit alleging that those pages of the book which had been sealed up related to the money received by the defendant for debts due to the firm of

Titus & Cortelyou, an order was obtained by the plaintiff requiring the defendant to show cause why an order should not be made directing that part of the book to be opened. The case now came before the court upon a motion to make the rule to show cause absolute. In opposition to the motion, the defendant produced the certificate of Mr. Ruggles, the receiver and referee in the cause, stating that the plaintiff had not shown before him any ground for supposing that any part of the book which had been sealed up was material, and also the affidavit of Mr. Edwards, his counsel, showing that the pages of the book had been sealed up under his advice, after he had become fully satisfied that all the entries therein had reference to the private business and affairs of the defendant. It also appeared that although the parties had met several times before the referee, the plaintiff had never claimed, before, that the pages which had been fastened down should be opened. A great number of affidavits were read upon the hearing of the motion, shewing the existence of much hostile and angry feeling between the parties, but which it is unnecessary for the understanding of the decision to notice further.

*S. F. Clarkson,* for the plaintiff.

*C. Edwards,* for the defendant.

HARRIS, J. It is the right of a party, when required to produce books for inspection, if such books contain accounts and transactions which in no way relate to the subject of examination, to seal up such parts of the books, so that they shall not be exposed to the observation of those who have no right to examine them. Mr. Hoffman, in his excellent treatise on the practice in the master's office, in referring to the production of books, uses the following language. " If books are produced before the master with portions sealed up, the party's oath of their not relating to the matters in question, must be taken in the first instance as sufficient. But if the adverse party can shew any fair grounds for supposing any part has been sealed

Titus *v.* Cortelyou.

which is material, whether designedly or not, he may require it to be opened. And if this is refused, upon certificate of the master that in his opinion such part should be opened, the court would compel it."

Thus it will be seen, that according to the settled practice in such cases, the plaintiff, before coming to this court for an order directing that part of the book which had been sealed up to be opened, should have applied to the referee in the first instance, for such an order. It appears, however, in this case, that no such application was made; and further, that there was nothing before the referee shewing that such an order would have been proper. But if it were proper to make the application to this court in the first instance, there is nothing in the papers upon which the application is founded to shew that there is any thing material to the matters in question between the parties in those pages of the book which have been closed up, or which would justify the court in making an order to subject those pages to inspection. The only evidence which has been produced to show the materiality of the entries upon those pages, is in the affidavits of Aaron Sutton and John Lloyd, both of whom are shewn by the defendant to have obtained the information they have in relation to the contents of that part of the book which is sealed up, by an examination after the pages had been closed up, and the book deposited with the referee; an act for which they are clearly punishable, as for a contempt. For the court will always protect parties against a violation of rights of this description, by proceeding against the offender, as for a contempt. But the affidavits themselves do not shew enough to justify an order to subject to inspection that part of the books which has been closed up, upon the oath of the defendant, that the entries it contains relate exclusively to his private business.

An order must therefore be entered discharging the order to shew cause; and directing that the plaintiff pay the defendant twenty dollars for the costs of opposing this application.